FILED

Oct 29  12 34 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FARM FAMILY CASUALTY INSURANCE CO.<br>Plaintiff | : | CIVIL ACTION NO.<br>303CV0294 (JBA) |
| V. | : | |
| DEERE & COMPANY<br>Defendant | : | OCTOBER 29, 2003 |

### MOTION FOR PROTECTIVE ORDER

The defendant, Deere & Company, hereby moves for an order of protection on grounds that the plaintiff's Notice of Deposition issued pursuant to Rule 30(b)(6), attached as Exhibit A, is ambiguous, overly broad, unduly burdensome and would require the defendant's designee(s) to travel from Moline, Illinois, and Germany. Moreover, the plaintiff has not specified any specific defect relating to the design or manufacture of the subject product. Further, the Notice of Deposition calls for designation of the witness with knowledge concerning "distribution," which is not placed in issue in any of the anticipated claims or defenses. As additional grounds for an order of protection, the defendant states that although a discovery request for production of documents has been issued, the defendant has not been provided the required 30 days within which to interpose objections to the document request. The defendant hereby gives notice that it intends to interpose substantive objections to one or more of the document requests attached to the notice.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Moreover, the defendant is unable to identify witnesses because the noticing party has failed to "describe with reasonable particularity" the matters on which the examination is requested. As worded, the notice is ambiguous and provides the defendant insufficient information upon which to designate witnesses. The notice is therefore defective under the applicable federal rules.

THE DEFENDANT,
Deere & Company

By: _____
Bruce H. Raymond of
HALLORAN & SAGE LLP
Fed. Bar #ct04981
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

## CERTIFICATION

This is to certify that on this 29th day of October 2003, a copy of the foregoing was mailed, postage prepaid, via first-class mail, to:

James L. Brawley, Esquire
Joseph E. Mascaro, Esquire
Morrison, Mahoney & Miller
One Constitution Plaza
Hartford, CT 06103

_____
Bruce H. Raymond
Fed. Bar #ct04981

479084v1

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FARM FAMILY CASUALTY INSURANCE CO.<br>    Plaintiff | : | CIVIL ACTION NO. 303CV0294 (JBA) |
| VS. | : | |
| DEERE & COMPANY<br>    Defendant. | : | OCTOBER 17, 2003 |

### NOTICE OF DEPOSITION

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the plaintiff, Farm Family Casualty Insurance Company, will take the deposition of the designee(s) of the defendant, **DEERE & COMPANY,** for purposes of discovery and/or use at the trial of this matter before Allan Reporting Service, or other competent authority, on **Wednesday, November 12, 2003, at 10:00 a.m.** at the offices of Morrison, Mahoney & Miller, One Constitution Plaza, 10th Floor, Hartford, Connecticut. The designee of the defendant will be examined regarding the following matters: (1) the design, manufacture and distribution, including the melting point of the fuel tank and any other fuel tanks, of the subject product; (2) the design, manufacture and distribution, including the melting point of the fuel tank and any other fuel tanks, of other products which are similar to the subject product; (3) whether the subject product or other similar products have been involved in incidents similar to the incident described in the plaintiff's complaint; and (4) whether the subject product or other similar products have been known to catch fire.

1

The designee(s) of the defendant is requested to produce the documents identified in the attached Request for Production.

THE PLAINTIFF,<br>
FARM FAMILY CASUALTY INSURANCE<br>
COMPANY<br>
<br>
By_____<br>
James L. Brawley, Esq.-CT Federal Bar #17321<br>
Joseph E. Mascaro, Esq., - CT Federal Bar# 12736<br>
Morrison, Mahoney & Miller, LLP<br>
One Constitution Plaza, 10th Floor<br>
Hartford, CT 06103<br>
(860) 616-4441

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the following counsel of record on this 17th day of October, 2003:

Bruce H. Raymond, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

*with a courtesy copy to:*
Allan Reporting Service
49 Long View Drive
Simsbury, CT 06070

_____
Joseph E. Mascaro

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FARM FAMILY CASUALTY : CIVIL ACTION NO. 303CV0294 (JBA)
INSURANCE CO.
    Plaintiff
                                                   :
VS. :
                                                   :
DEERE & COMPANY : OCTOBER 17, 2003
    Defendant.

## REQUEST FOR PRODUCTION

Pursuant to Rules 30(b)5 and 34 of the Federal Rules of Civil Procedure, the plaintiff requests that the deponent produce the following documents at the deposition scheduled for November 12, 2003:

The applicable time period for all of the following requests for production is from five years prior to the fire described in the plaintiff's complaint to the present time:

1. All Documents, including, but not limited to, reports, statements, memoranda, notices, and/recalls which in any way reference fires in the Product or Similar Products.

2. Any and all documents, including but not limited to service bulletins and recall notices which in any way relate to defects in the Product or Similar Products which are alleged to have caused the Product or Similar Products to catch fire.

3. All Documents, including, but not limited to, reports, memoranda, and notices, generated by or received by the defendant at any time during the period from June 1, 2001, to the present, that concern or relate to any of the events, occurrences, or allegations contained in the Complaint. This request includes but is not limited to any information received from third parties such as financing companies or insurance companies (This request does not include any documents protected by the attorney client privilege or work product doctrine).

3

4. All Documents, writings or statements pertaining to this action, its subject matter, or any of the events and occurrences alleged in the Complaint, including the writings or statements themselves, made or prepared by:

    a. the defendant, its agents, servants, representatives or employees;

    b. the plaintiff, its agents, servants, officers, employees or representatives;

    c. any agency (public or private) or department of the State of Connecticut, or any department or board or other agency of any city, town, county or other political subdivision of the State of Connecticut or any agent, servant or representative of any such agency, department, board or subdivision; and

    d. any other person or entity.

5. All Documents which typically and routinely accompanied the Product or Similar Products when it was sold or delivered to a customer.

6. All Documents and Correspondence concerning any change made in the design of the Product or Similar Products since it was first manufactured.

7. All Documents, plans, blueprints, drawings, sketches, and writings that concern the design of the electrical system in the Product or Similar Products.

8. All Documents and Correspondence concerning any recalls, whether mandatory or voluntary, the defendant has made since the manufacture of the Product or Similar Products.

4

9. All Documents concerning any warnings, instructions, or directions for the benefit of users of the Product or Similar Products.

10. All Documents and Correspondence concerning any and all safety tests performed on the Product or Similar Products, including, but not limited to, fire hazard tests performed on the Product or Similar Products.

11. All quality control test reports and inspection results from any quality control tests or inspections conducted on the Product or Similar Products from the original date of manufacture to the present, that in any way reference the vehicle catching fire in the absence of a collision.

12. The results of any testing done regarding the melting point of the fuel tank and any other fluid tanks in the subject product.

13. The results of any testing done regarding the melting point of the fuel tank and any other fluid tanks in products similar to the subject product.

THE PLAINTIFF,
FARM FAMILY CASUALTY INSURANCE COMPANY

By_____
James L. Brawley, Esq.-CT Federal Bar #17321
Joseph E. Mascaro, Esq., - CT Federal Bar# 12736
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860) 616-4441

5