UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FARM FAMILY CASUALTY INSURANCE CO.<br>Plaintiff | : | CIVIL ACTION NO. 303CV0294 (JBA) |
| VS. | : | |
| DEERE & COMPANY<br>Defendant. | : | DECEMBER 3, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

The plaintiff, Farm Family Casualty Insurance Company, submits this memorandum of law in support of its Motion to Compel the defendant to respond to interrogatories and requests for production.

**Nature of the Case:**

This is a products liability/subrogation action arising from a fire in a Harvester manufactured by the defendant. The plaintiff served a set of Interrogatories and Requests for Production, dated May 12, 2003, on the defendant. The defendant objected to all of the Interrogatories and Requests for Production served by the plaintiff. (Exhibit 1). The plaintiff issued a Notice of Deposition of the defendant, dated October 17, 2003, which contained a request for production of documents. The defendant objected to all of the requests for production attached to the deposition notice. (Exhibits 2 & 3).

**Discovery Issue:**

The plaintiff served interrogatories and requests for production on the defendant (Exhibit 1). Those interrogatories and requests for production sought information regarding the

1

subject product and other similar products. The majority of the defendant's objections relate to the request for information regarding other products which are similar to the product at issue in this case. The plaintiff issued a Notice of Deposition of the defendant, dated October 17, 2003, which contained a request for production of documents. The defendant objected to all of the requests for production attached to the deposition notice. (Exhibits 2 & 3). The requests attached to the deposition notice are nearly identical to the requests for production previously served on the defendant. Therefore, whatever the Court decides regarding the requests for production dated May 12, 2003, should also apply to the requests attached to the deposition notice.

Information regarding other similar products is clearly relevant to this action because if other similar products had fires because of a design defect, as alleged in this case, then such fires would establish that there was a design defect and that the defendant knew or should have known of the design defect.

Accordingly, the defendant should be ordered to respond to all of the plaintiff's interrogatories and requests for production.

THE PLAINTIFF,
FARM FAMILY CASUALTY INSURANCE
COMPANY

_____
Joseph E. Mascaro, Esq.
Fed. Bar # CT12736
MORRISON, MAHONEY & MILLER, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860) 616-4441

2

## CERTIFICATION

I hereby certify that a copy of the foregoing Complaint was mailed, to the following parties of record postage prepaid this _3RD_ day of December, 2003, as follows:

Bruce H. Raymond, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

*[signature]*
Joseph E. Mascaro, Esq.

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FARM FAMILY CASUALTY INSURANCE CO.<br>Plaintiff | : | CIVIL ACTION NO. 303CV0294 (JBA) |
| VS. | : | |
| DEERE & COMPANY<br>Defendant | : | JUNE 10, 2003 |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR INTERROGATORIES AND PRODUCTION DATED MAY 12, 2003

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the defendant hereby serves the following Objections to Plaintiff's Requests for Interrogatories and Production dated May 12, 2003.

### DEFINITIONS

Please refer to Local Rule 39 of the Rules of Procedure for the District of Connecticut for the applicable definitions. In addition, the following specific definitions apply to these discovery requests in accordance with Local Rule 39(a).

A.  "**Any**" means "all" and vice versa.

B.  "**Identify**" with respect to a document means that the following information be provided:

   (a) the type of document (e.g., letter, memo, etc.) and its title or the name by which it is referred;

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

   (b) the date of the document;

   (c) the identity of all persons participating in the creation of the document including the identity of the author and person signing the document;

   (d) the identity of each person to whom the document was addressed or sent;

   (e) the present location of the original and all copies and the name of the custodian of the documents; and,

   (f) a general description of the subject matter of the document.

 C. **"Identify"** with respect to a communication means that the following information be provided:

   (a) the full name and last known address of each person participating in, or present during, the communication;

   (b) the name of the employer for each person participating in, or present during, the communication;

   (c) the place the communication was made;

   (d) the date the communication was made; and,

   (e) the subject matter of the communication.

 D. To **"describe"** means to present a complete and detailed statement concerning the event, condition, or thing to be described, providing dates, duration, distances, frequency, and size as appropriate.

-2-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN & SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

E.   **"Defendant"** shall mean the defendant, Deere & Company, its parents, subsidiaries, divisions, officers, directors, agents, servants, employees and other representatives.

F.   **"Complaint"** shall mean the Amended Complaint filed by the Plaintiff, which was filed on or about March 26, 2003.

G.   **"Subject Fire"** shall mean the fire that occurred on June 1, 2001 and involving the Product.

H.   **"Product"** shall mean the 1996 Forage Harvester referenced in the plaintiff's Complaint.

I.   **"Similar Products"** shall mean any Harvester other than the Product.

J.   **"Person"** or **"person"** shall mean any natural person or any business, legal, or governmental entity or association.

K.   **"Concerning"** or **"concerning"** shall mean referring to, pertaining to, describing, evidencing, or constituting.

L.   **"And"** and **"or"** each shall mean "and/or," and the singular shall include the plural, and vice-versa.

## INSTRUCTIONS

M.   Each Interrogatory shall be answered completely, separately and fully.

N.   If you assert any privilege in responding to these Interrogatories, state in full:

(a)   the type of privilege asserted or reason why you contend it is confidential;

(b)   specify the basis for the assertion; and,

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(c)   identify the communication or document.

O.   Each person consulted in answering any Interrogatory shall be identified in the body of the answer to the particular Interrogatory.

P.   Plaintiff's interrogatories are continuing. The defendant must promptly supply, by means of supplemental answers, all additional responsive information that may become known to defendant or his attorneys prior to the trial of this action, including, but not limited to, the identity of each person defendant expects to call as a witness or expert witness at trial.

**OBJECTION**:   To the extent that the plaintiff seeks to impose any obligation or requirement beyond those specified in the Federal Rules of Civil Procedure, then the defendant Deere objects to any such definition and/or instruction.

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## INTERROGATORIES

1. Please identify yourself stating your name, business address, place of employment and title. Also, please identify each individual that you consulted with in preparing your responses along with each individuals title and address.

**ANSWER**:

2. Identify with specificity any label, tag, warning, instructions, directions or other writings affixed, attached and/or accompanying the Product or Similar Products, including but not limited to:

(a) its purpose;

(b) the design of the label, including the size and color of tape used;

(c) the inclusive dates during which each such labeling design was in effect; and

(d) the full text of the warning or instructions affixed or accompanying the Product or Similar Products.

**OBJECTION**: This interrogatory is objected to on the grounds that it is overly broad and unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is also objectionable on grounds that it is not limited to the product at issue in the Amended Complaint, and further, is not limited in time. Further, the plaintiff may obtain the same information, or its substantial equivalent, with the same or greater facility than the defendant.

**Limit to the 6710 date of sale / will produce actual warnings and labels and manuals**

3. If, at any time since the manufacture of the Product or Similar Products, the defendant issued to distributors, sellers, or purchaser of the Product and/or any Similar Products,

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

any recall notices, service bulletins or any other warnings, instructions, or communications, that in any way relate to fires in the Product or Similar Products, please state:

    (a)    the full text of each such warning, communication or instruction; and

    (b)    the format of each such communication, warning, or instruction (i.e.; service bulletin, recall, etc.)

**OBJECTION**:    The defendant objects to this interrogatory on grounds that it is overly broad and unduly burdensome to the defendant. Further, the defendant objects on grounds of relevancy and on the basis that the interrogatory as worded includes products other than the one at issue in the Amended Complaint.

Will produce any recalls bulletins or similar documents relating to fires or conditions which may produce fires for 6710 from date of sale to date of accident (7 years).

4.    Identify with specificity any warning given by defendant regarding any known, suspected, or supposed hazard, danger, defect, or defective condition or design of the Product or Similar Products, including but not limited to:

    (a)    the hazard, danger, defect, or defective condition with which the warnings were concerned;

    (b)    the nature of the warning which was given; and

    (c)    the date the warning was given.

**OBJECTION**:    The defendant objects to this interrogatory on grounds that it is overly broad, unduly burdensome to the defendant, not reasonably limited in time and scope and includes products other than the one placed in issue by plaintiff's Amended Complaint. Moreover, the interrogatory duplicates information requested in preceding interrogatories.

Same as above, defendant is agreeable to providing the actual warnings for the product at issue at the time of sale.

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN & SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

5.  If the defendant has ever been named as a party to any civil action involving any claim that the Product or Similar Products caught fire as a result of a defect in the Product or Similar Products, please give the following information:

    (a) list each such case by caption, court and docket number;

    (b) identify counsel for the plaintiff(s) or the prosecuting authority in each such case;

    (c) identify each present or former officer, director, agent, servant and employee of the defendant who testified either at a deposition or at trial in any such case, and specify the case;

    (d) specify the defects or safety hazards of each such product alleged in any such case, and specify the case.

    **OBJECTION**: The defendant objects on grounds that the interrogatory is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the interrogatory seeks information regarding products not at issue based on the Amended Complaint.

The defendant will identify any suits alleging fires in the subject product from the time of sale through the date of the incident referenced in the complaint.

6.  State whether defendant has received, apart from lawsuits, any complaints, correspondence, warranty claims or other communications making a claim that the Product or Similar Products caught fire as a result of a defect in the Product or Similar Products.

    **OBJECTION**: The defendant objects to this interrogatory on grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, this interrogatory is objectionable in that it seeks discovery of products which are not placed in issue by plaintiff's Amended Complaint.

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN & SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The defendant will disclose any claims involving fires in the subject product during the 7 years from the time of sale through the date of the incident.

7.  If the answer to the preceding interrogatory is in the affirmative, please state the name and present address of each such person and the full text of each such communication and the defendant's response.

   **OBJECTION**: Please see objection to interrogatory 6.

8.  Has the defendant received from any source, either before or after the accident, any oral communication or any document wherein the Product or Similar Products, or any component part of the Product or Similar Products:

   (a) was commented upon or criticized with respect to the Product or Similar Products catching fire;

   (b) was said to have been involved in any incident wherein the Product or Similar Products caught fire.

   **OBJECTION**: The defendant objects to this interrogatory on grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, this interrogatory is objectionable in that it seeks discovery of products which are not placed in issue by plaintiff's Amended Complaint.

   See above

9.  If your answer to either subpart of the preceding interrogatory is anything other than an unqualified negative, please identify and describe the substance of each such communication or document and the defendant's response.

   **OBJECTION**: Please see objection to interrogatory 8.

   Will answer within same parameters as above.

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN & SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

10.   If any party, at any time, recommended to the defendant that any design changes be made to the Product or Similar Products to prevent the Product or Similar Products from catching fire, please attach a copy of each such recommendation to the answers to these interrogatories or state when and where such recommendations may be examined by counsel or state the substance of any such recommendations and where they may be found.

**OBJECTION**:   This interrogatory is overly broad and unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, this interrogatory seeks discovery regarding products not at issue in plaintiff's Amended Complaint.

Will answer as the product referenced in the complaint from the time of sale through the time of the incident.

11.   If the defendant was ever aware of any danger, propensity or hazard associated with the Product or Similar Products, that caused the Product or Similar Products to catch fire, please state:

(a)   when the defendant became aware of each such danger, propensity or hazard, and

(b)   what the nature of each such danger, hazard, defect or defective condition was.

**OBJECTION**:   The defendant objects to this interrogatory on grounds that it seeks discovery of information concerning products not at issue in plaintiff's Amended Complaint. Further, this interrogatory is objectionable on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Will answer as the product referenced in the complaint from the time of sale through the time of the incident

12.   Please completely identify each person you expect to call as an expert witness at trial, and state as to each person:

(a)   name and address;

(b)   the subject matter on which such person is expected to testify;

— 9 —

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(c)  the substance of the facts and opinions to which such person is expected to testify;

(d)  a summary of the grounds for each such opinion;

(e)  experience in the area of similar or comparable product; and

(f)  a list of books, treaties, articles and other works which such person regards as authoritative on the subject matter on which he/she is expected to testify.

**OBJECTION:**  To the extent that interrogatory 12 imposes requirements beyond those specified by the Federal Rules of Civil Procedure and local rules regarding disclosure of trial experts, then the defendant objects. An appropriate disclosure will be made by counsel regarding the required expert information in a timely manner before trial consistent with the orders of the court.

Answered consistent with rule subject to right to supplement.

13.  If the defendant is, or was at any time, aware of any written or printed industry or trade standards, tests, procedures or practices (hereinafter collectively referred to as "industry standards") which regulate, or give guidance as to the design assembly, testing, advertising, marketing or safety of the Product or any Similar Products, please give the following information.

(a)  state the full citation of each such industry standard;

(b)  specify the date upon which the defendant first became aware of each such industry standard;

(c)  state whether or not the defendant purports to adhere to or follow each such industry test or standard; and

(d)  specify how, if at all, the Product or Similar Products or any component part of the Product or Similar Products violated or failed to comply with any such industry standard.

**OBJECTION:**  The defendant objects to this interrogatory on grounds that it is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is further objectionable on grounds that it seeks

– 10 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

>discovery regarding products not placed in issue by plaintiff's Amended Complaint. Moreover, plaintiff may obtain the same or substantial equivalent information with equal or greater facility than the defendant. Through this interrogatory, plaintiff seeks to have the defendant conduct its investigation for it, which is not required under the rules.

14. Please state in full and complete detail any and all safety tests performed on the Product or Similar Products, including, but not limited to, fire hazard tests performed on the Product or Similar Products.

>**OBJECTION**: The defendant objects to this interrogatory on grounds that it is overly broad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence. The interrogatory is further objectionable on grounds that it seeks discovery of information regarding products not placed in issue by plaintiff's Amended Complaint. The interrogatory is not limited in any reasonable way to any specific period of time and contains ambiguities rendering the defendant unable to respond.

Will answer as to fire tests if applicable to the product referenced in the complaint form the time of sale for 2 years thereafter.

15. Please state in full and complete detail all recalls of the Product or Similar Products, whether mandatory or voluntary, that in any way relate to fires in the Product or Similar Products, and include in your answer the date of the recall, the reason for the recall, repairs made to the Product or Similar Products as a result of the recall, and the full and complete text of any Recall Notices.

>**OBJECTION**: The defendant objects to interrogatory 15 on grounds that it is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, this interrogatory is objectionable on grounds that it seeks discovery regarding products which are not at issue in the Amended Complaint. Moreover, the plaintiff may obtain recall

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

information from public regulatory authorities at its own expense with equal or greater facility than the defendant.

Will answer as the product referenced in the complaint from the time of sale through the time of the incident

16. Please state in full and complete detail all service bulletins, service warning or any other documents sent to dealerships, distributors, etc., or any other third party that provides service for the Product or Similar Products, that in any way relates to or mentions fires in the Product or Similar Products, and include in your answer the date of the notice, the reason for the notice, repairs made to the Product or Similar Products as a result of the notice, and the full and complete text of any notices.

**OBJECTION**: The defendant objects to this interrogatory on grounds that it is duplicative of prior discovery requests, seeks discovery regarding products which are in no way at issue based on plaintiff's Amended Complaint, and is otherwise overly broad and unduly burdensome to the defendant. Further, the defendant states that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Will answer as the product referenced in the complaint from the time of sale through the time of the incident

17. Identify each and every document in your possession which refers or relates to fires in the Product or Similar Products.

**OBJECTION**: The defendant objects to this interrogatory on grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information concerning products not at issue in this litigation. The defendant further objects to the interrogatory on the grounds that it is not reasonably limited to any specified period of time.

Will answer as the product referenced in the complaint from the time of sale through the time of the incident

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

18. Please state the first date that Deere & Company received written notice or any oral communication in any way referencing the fire involving the Product on June 1, 2001 or the fact that the Product had been damaged in the fire.

**OBJECTION:** This interrogatory is objected to on grounds that it seeks information which may be covered by the attorney/client privilege and work product doctrine. Further, the interrogatory seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Will answer.

19. Please identify each and every communication, written or oral, the defendant received concerning the Product or Similar Products from any insurance company, or any other source, on or after June 1, 2001 (excluding those documents protected by the attorney client privilege or work product doctrine).

**OBJECTION:** The defendant objects to this interrogatory on grounds that it is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the interrogatory is not reasonably limited in time and seeks discovery regarding products which are in no way placed at issue in this litigation.

Will answer as to subject product only.

- 13 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## REQUEST FOR PRODUCTION

1.    All Documents, including, but not limited to, reports, statements, memoranda, notices, and/recalls which in any way reference fires in the Product or Similar Products.

**OBJECTION:**    The defendant objects to this request for production of documents on grounds that it is overly broad, unduly burdensome, seeks information concerning products not at issue in this litigation, is irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence, is not limited to any reasonable period of time and contains ambiguities which render the defendant unable to fairly respond.

Will answer as the product referenced in the complaint from the time of sale through the time of the incident

2.    Any and all documents, including but not limited to service bulletins and recall notices which in any way relate to defects in the Product or Similar Products which are alleged to have caused the Product or Similar Products to catch fire.

**OBJECTION:**    The defendant objects to this request for production of documents on grounds that it is overly broad, unduly burdensome, seeks information concerning products not at issue in this litigation, is irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence, is not limited to any reasonable period of time and contains ambiguities which render the defendant unable to fairly respond.

Will answer as the product referenced in the complaint from the time of sale through the time of the incident

3.    All Documents, including, but not limited to, reports, memoranda, and notices, generated by or received by the defendant at any time during the period from June 1, 2001, to the present, that concern or relate to any of the events, occurrences, or allegations contained in the Complaint. This request includes but is not limited to any information received from third

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103

**HALLORAN & SAGE LLP**

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

parties such as financing companies or insurance companies (This request does not include any documents protected by the attorney client privilege or work product doctrine).

**OBJECTION:** The defendant objects to this request for production of documents on grounds that it is overly broad, unduly burdensome, seeks information concerning products not at issue in this litigation, is irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence, is not limited to any reasonable period of time and contains ambiguities which render the defendant unable to fairly respond.

4. All Documents, writings or statements pertaining to this action, its subject matter, or any of the events and occurrences alleged in the Complaint, including the writings or statements themselves, made or prepared by:

   a. the defendant, its agents, servants, representatives or employees;

   b. the plaintiff, its agents, servants, officers, employees or representatives;

   c. any agency (public or private) or department of the State of Connecticut, or any department or board or other agency of any city, town, county or other political subdivision of the State of Connecticut or any agent, servant or representative of any such agency, department, board or subdivision; and

   d. any other person or entity.

**OBJECTION:** The defendant objects to this request for production of documents on grounds that it is overly broad, unduly burdensome, seeks information concerning products not at issue in this litigation, is irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence, is not limited to any reasonable period of time and contains ambiguities which render the defendant unable to fairly respond.

5. All Documents which typically and routinely accompanied the Product or Similar Products when it was sold or delivered to a customer.

– 15 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

    **OBJECTION:**    The defendant objects to the extent that the request for production of documents seeks discovery of information regarding products which are in no way placed at issue in the present litigation. Without waiving the right to so object, the defendant states that it has provided documents which accompany the product at issue.

Will answer as the product referenced in the complaint from the time of sale through the time of the incident

6.    All Documents and Correspondence concerning any change made in the design of the Product or Similar Products since it was first manufactured.

    **OBJECTION:**    The defendant objects to this request for production on grounds that it is overly broad, unduly burdensome and not reasonably limited in time or scope. Further, the request seeks discovery of products which are in no way at issue in the present litigation and are therefore irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Will respond as to the subject product as to any changes made relating to fires.

7.    All Documents, plans, blueprints, drawings, sketches, and writings that concern the design of the electrical system in the Product or Similar Products.

    **OBJECTION:**    To the extent that the discovering party seeks information regarding products which are in no way at issue in the litigation, the defendant objects on grounds that said documents are irrelevant, and on grounds that it would be unduly burdensome and costly to the defendant in order to produce such documents which are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the right to so object, the defendant states that it has provided diagrams of the product at issue to the plaintiff.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN**
**& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105