8.    All Documents and Correspondence concerning any recalls, whether mandatory or voluntary, the defendant has made since the manufacture of the Product or Similar Products.

    **OBJECTION:**    The defendant objects to this interrogatory on grounds that it may invade the attorney/client privilege and attorney work product doctrine. Moreover, the request to produce is overly broad in that it seeks discovery of information concerning products which are in no way placed in issue by plaintiff's complaint or anticipated defenses. Therefore, the discovery sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Will answer as the product referenced in the complaint from the time of sale through the time of the incident

    9.    All Documents concerning any warnings, instructions, or directions for the benefit of users of the Product or Similar Products.

    **OBJECTION:**    To the extent the discovery party seeks documents which relate to products which are in no way at issue in this litigation, the defendant objects on grounds that such request is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the plaintiff and its insured were provided with all warnings, instructions, and directions with the subject product.

Will answer as the product referenced in the complaint from the time of sale through the time of the incident

    10.    All Documents and Correspondence concerning any and all safety tests performed on the Product or Similar Products, including, but not limited to, fire hazard tests performed on the Product or Similar Products.

    **OBJECTION:**    The defendant objects to this request for production on grounds that it is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible

    – 17 –

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103  

**HALLORAN**  
**& SAGE LLP**  

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

evidence. More specifically, the only issue in the present matter relates to a fire on the product specified in the plaintiff's complaint. As worded, this request for production of documents includes discovery concerning facts which are not placed in issue and regarding products which are not in any way involved in the present litigation.

11. All quality control test reports and inspection results from any quality control tests or inspections conducted on the Product or Similar Products from the original date of manufacture to the present, that in any way reference the vehicle catching fire in the absence of a collision.

> **OBJECTION:** The defendant objects on grounds that this request for production as worded is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

12. All Correspondence, including, but not limited to, complaint letters or other communications, received by the defendant from any party or parties other than the plaintiff concerning allegations that the Product or Similar Products caught fire.

> **OBJECTION:** The defendant objects on grounds that this request for production as worded is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Will answer as the product referenced in the complaint from the time of sale through the time of the incident

13. All Complaints, Answers, and Answer to Discovery, from legal actions (other than this action) filed against the defendant, alleging that the Product or Similar Products were defective because they caught fire.

- 18 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN & SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**OBJECTION:**  The defendant objects on grounds that this request for production as worded is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

                        The Defendant
                        **Deere & Company**

                By: _____
                        Bruce H. Raymond,
                        Fed. Bar #ct04981
                        of HALLORAN & SAGE  LLP
                        One Goodwin Square
                        225 Asylum Street
                        Hartford, CT  06103
                        (860) 522-6103

– 19 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that on this ____ th day of June 2003, a copy of the foregoing was mailed, postage prepaid, via first-class mail, to:

James L. Brawley, Esquire
Joseph E. Mascaro, Esquire
Tracey M. Lane
Morrison, Mahoney & Miller
One Constitution Plaza
Hartford, CT 06103

                                            Bruce H. Raymond
                                            Fed. Bar #ct04981

429563v1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FARM FAMILY CASUALTY INSURANCE CO.<br>Plaintiff | : | CIVIL ACTION NO. 303CV0294 (JBA) |
| VS. | : | |
| DEERE & COMPANY<br>Defendant. | : | OCTOBER 17, 2003 |

## NOTICE OF DEPOSITION

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the plaintiff, Farm Family Casualty Insurance Company, will take the deposition of the designee(s) of the defendant, **DEERE & COMPANY,** for purposes of discovery and/or use at the trial of this matter before Allan Reporting Service, or other competent authority, on **Wednesday, November 12, 2003, at 10:00 a.m.** at the offices of Morrison, Mahoney & Miller, One Constitution Plaza, 10th Floor, Hartford, Connecticut. The designee of the defendant will be examined regarding the following matters: (1) the design, manufacture and distribution, including the melting point of the fuel tank and any other fuel tanks, of the subject product; (2) the design, manufacture and distribution, including the melting point of the fuel tank and any other fuel tanks, of other products which are similar to the subject product; (3) whether the subject product or other similar products have been involved in incidents similar to the incident described in the plaintiff's complaint; and (4) whether the subject product or other similar products have been known to catch fire.

1

The designee(s) of the defendant is requested to produce the documents identified in the attached Request for Production.

THE PLAINTIFF,
FARM FAMILY CASUALTY INSURANCE COMPANY

By: *[signature]*
James L. Brawley, Esq.-CT Federal Bar #17321
Joseph E. Mascaro, Esq., - CT Federal Bar# 12736
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860) 616-4441

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the following counsel of record on this 17th day of October, 2003:

Bruce H. Raymond, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

*with a courtesy copy to:*
Allan Reporting Service
49 Long View Drive
Simsbury, CT 06070

*[signature]*
Joseph E. Mascaro

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FARM FAMILY CASUALTY : CIVIL ACTION NO. 303CV0294 (JBA)
INSURANCE CO.
    Plaintiff

VS. :

DEERE & COMPANY : OCTOBER 17, 2003
    Defendant.

## REQUEST FOR PRODUCTION

Pursuant to Rules 30(b)5 and 34 of the Federal Rules of Civil Procedure, the plaintiff requests that the deponent produce the following documents at the deposition scheduled for November 12, 2003:

The applicable time period for all of the following requests for production is from five years prior to the fire described in the plaintiff's complaint to the present time:

1. All Documents, including, but not limited to, reports, statements, memoranda, notices, and/recalls which in any way reference fires in the Product or Similar Products.

2. Any and all documents, including but not limited to service bulletins and recall notices which in any way relate to defects in the Product or Similar Products which are alleged to have caused the Product or Similar Products to catch fire.

3. All Documents, including, but not limited to, reports, memoranda, and notices, generated by or received by the defendant at any time during the period from June 1, 2001, to the present, that concern or relate to any of the events, occurrences, or allegations contained in the Complaint. This request includes but is not limited to any information received from third parties such as financing companies or insurance companies (This request does not include any documents protected by the attorney client privilege or work product doctrine).

3

4. All Documents, writings or statements pertaining to this action, its subject matter, or any of the events and occurrences alleged in the Complaint, including the writings or statements themselves, made or prepared by:

    a. the defendant, its agents, servants, representatives or employees;

    b. the plaintiff, its agents, servants, officers, employees or representatives;

    c. any agency (public or private) or department of the State of Connecticut, or any department or board or other agency of any city, town, county or other political subdivision of the State of Connecticut or any agent, servant or representative of any such agency, department, board or subdivision; and

    d. any other person or entity.

5. All Documents which typically and routinely accompanied the Product or Similar Products when it was sold or delivered to a customer.

6. All Documents and Correspondence concerning any change made in the design of the Product or Similar Products since it was first manufactured.

7. All Documents, plans, blueprints, drawings, sketches, and writings that concern the design of the electrical system in the Product or Similar Products.

8. All Documents and Correspondence concerning any recalls, whether mandatory or voluntary, the defendant has made since the manufacture of the Product or Similar Products.

4

9. All Documents concerning any warnings, instructions, or directions for the benefit of users of the Product or Similar Products.

10. All Documents and Correspondence concerning any and all safety tests performed on the Product or Similar Products, including, but not limited to, fire hazard tests performed on the Product or Similar Products.

11. All quality control test reports and inspection results from any quality control tests or inspections conducted on the Product or Similar Products from the original date of manufacture to the present, that in any way reference the vehicle catching fire in the absence of a collision.

12. The results of any testing done regarding the melting point of the fuel tank and any other fluid tanks in the subject product.

13. The results of any testing done regarding the melting point of the fuel tank and any other fluid tanks in products similar to the subject product.

THE PLAINTIFF,
FARM FAMILY CASUALTY INSURANCE COMPANY

By *[signature]*
James L. Brawley, Esq.-CT Federal Bar #17321
Joseph E. Mascaro, Esq., - CT Federal Bar# 12736
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860) 616-4441

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FARM FAMILY CASUALTY INSURANCE CO.    :    CIVIL ACTION NO.
                    Plaintiff                                                              303CV0294 (JBA)

V.                                          :

DEERE & COMPANY                             :    NOVEMBER 14, 2003
                 Defendant

## OBJECTION TO REQUEST FOR PRODUCTION

The defendant in the above-captioned action hereby objects to plaintiff's Request for Production of documents dated October 17, 2003, as follows:

    1.    All Documents, including, but not limited to, reports, statements, memoranda, notices, and/or recalls which in any way reference fires in the Product or Similar Products.

**OBJECTION:**    Defendant objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it may require the production of defendant's trade secrets, proprietary materials, as well as documents covered by the attorney/client privilege, and attorney work product doctrine. Moreover, as additional grounds for objecting, the document request is not limited to the product which is referenced in plaintiff's complaint, and further is not limited in time parameter.

    2.    Any and all documents, including but not limited to service bulletins and recall notices which in any way relate to defects in the Product or Similar Products which are alleged to have caused the Product or Similar Products to catch fire.

**OBJECTION:**    The defendant objects on grounds that, as worded, the request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the document request is not limited to the

---

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103

**HALLORAN**  
**& SAGE LLP**

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

product referenced in plaintiff's complaint. Moreover, the document request is not limited to any reasonable period of time, and as such, is violative of the Federal Rules of Civil Procedure.

3. All Documents, including, but not limited to, reports, memoranda, and notices, generated by or received by the defendant at any time during the period from June 1, 2001, to the present, that concern or relate to any of the events, occurrences, or allegations contained in the Complaint. This request includes but is not limited to any information received from third parties such as financing companies or insurance companies (This request does not include any documents protected by the attorney client privilege or work product doctrine.)

**OBJECTION**: The defendant objects on grounds that, as worded, the request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the document request is not limited to the product referenced in plaintiff's complaint.

4. All Documents, writings or statements pertaining to this action, its subject matter, or any of the events and occurrences alleged in the Complaint, including the writings or statements themselves, made or prepared by:

   a. the defendant, its agents, servants, representatives or employees;

   b. the plaintiff, its agents, servants, officers, employees or representatives;

   c. any agency (public or private) or department of the State of Connecticut, or any department or board or other agency of any city, town, county or other political subdivision of the State of Connecticut or any agent, servant or representative of any such agency, department, board or subdivision; and

   d. any other person or entity.

**OBJECTION**: The defendant objects on grounds that, as worded, the request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the document request is not limited to the product referenced in plaintiff's complaint. Moreover, the document

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

request is not limited to any reasonable period of time, and as such, is violative of the Federal Rules of Civil Procedure.

5. All Documents which typically and routinely accompanied the Product or Similar Products when it was sold or delivered to the customer.

**OBJECTION**: The defendant objects on grounds that, as worded, the request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the document request is not limited to the product referenced in plaintiff's complaint. Moreover, the document request is not limited to any reasonable period of time, and as such, is violative of the Federal Rules of Civil Procedure.

6. All Documents and Correspondence concerning any change made in the design of the Product or Similar Products since it was first manufactured.

**OBJECTION**: The defendant objects on grounds that, as worded, the request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the document request is not limited to the product referenced in plaintiff's complaint. Moreover, the document request is not limited to any reasonable period of time, and as such, is violative of the Federal Rules of Civil Procedure.

7. All Documents, plans, blueprints, drawings, sketches, and writings that concern the design of the electrical system in the Product or Similar Products.

**OBJECTION**: The defendant objects on grounds that, as worded, the request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the document request is not limited to the product referenced in plaintiff's complaint. Moreover, the document request is not limited to any reasonable period of time, and as such, is violative of the Federal Rules of Civil Procedure.

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

8. All Documents and Correspondence concerning any recalls, whether mandatory or voluntary, the defendant has made since the manufacture of the Product or Similar Products.

**OBJECTION**: The defendant objects on grounds that, as worded, the request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the document request is not limited to the product referenced in plaintiff's complaint. Moreover, the document request is not limited to any reasonable period of time, and as such, is violative of the Federal Rules of Civil Procedure.

9. All Documents concerning any warnings, instructions, or directions for the benefit of users of the Product or Similar Products.

**OBJECTION**: The defendant objects on grounds that, as worded, the request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the document request is not limited to the product referenced in plaintiff's complaint. Moreover, the document request is not limited to any reasonable period of time, and as such, is violative of the Federal Rules of Civil Procedure. Moreover, said document request is duplicative of discovery requests previously directed to the defendant by the discovering party.

10. All Documents and Correspondence concerning any and all safety tests performed on the Product or Similar Products, including, but not limited to, fire hazard tests performed on the Product or Similar Products.

**OBJECTION**: The defendant objects on grounds that, as worded, the request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the document request is not limited to the product referenced in plaintiff's complaint. Moreover, the document request is not limited to any reasonable period of time, and as such, is violative of the Federal Rules of Civil Procedure.

11. All quality control test reports and inspection results from any quality control tests or inspections conducted on the Product or Similar Products from the

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

original date of manufacture to the present, that in any way reference the vehicle catching fire in the absence of a collision.

**OBJECTION**: The defendant objects on grounds that, as worded, the request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the document request is not limited to the product referenced in plaintiff's complaint. Moreover, the document request is not limited to any reasonable period of time, and as such, is violative of the Federal Rules of Civil Procedure.

12. The results of any testing done regarding the melting point of the fuel tank and any other fluid tanks in the subject product.

**OBJECTION**: The defendant objects on grounds that, as worded, the request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the document request is not limited to the product referenced in plaintiff's complaint. Moreover, the document request is not limited to any reasonable period of time, and as such, is violative of the Federal Rules of Civil Procedure.

13. The results of any testing done regarding the melting point of the fuel tank and any other fluid tanks in products similar to the subject product.

**OBJECTION**: The defendant objects on grounds that, as worded, the request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the document request is not limited to the product referenced in plaintiff's complaint. Moreover, the document request is not limited to any reasonable period of time, and as such, is violative of the Federal Rules of Civil Procedure.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANT,
Deere & Company

By: _____
Bruce H. Raymond of
HALLORAN & SAGE LLP
Fed. Bar #ct04981
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

## CERTIFICATION

This is to certify that on this 14th day of November, 2003, a copy of the foregoing was mailed, postage prepaid, via first-class mail, to:

James L. Brawley, Esquire
Joseph E. Mascaro, Esquire
Morrison, Mahoney & Miller
One Constitution Plaza
Hartford, CT 06103

_____
Bruce H. Raymond
Fed. Bar #ct04981

479098v1

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105